# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| GRANVILLE ELAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 19-1141-JDT-cgc |
| ) | |
| LAKE COUNTY SHERIFF'S ) | |
| DEPARTMENT, ET AL., ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING COMPLAINT AS MOOT
## AND GRANTING LEAVE TO AMEND

On July 11, 2019, Plaintiff Granville Elam, who is incarcerated at the Gibson County Correctional Complex in Trenton, Tennessee, filed a *pro se* document which was opened as a civil complaint. (ECF No. 1.) Elam's complaint concerns events that allegedly occurred while he was a pretrial detainee at the Lake County Jail in Tiptonville, Tennessee. (ECF No. 1 at 1-2; ECF No. 1-3.) After Elam submitted the appropriate financial documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) The Clerk shall record the Defendants as the Lake County Sheriff's Department, and Deputies Keith Ozment and Nathaniel Hayes.

Elam alleges that on August 23, 2018, Deputy Ozment assaulted him while escorting him from the Lake County Courthouse. (ECF No. 1 at PageID 1.) He alleges

that Ozment choked him while he was handcuffed and wearing shackles on his waist and legs.  (*Id.*)  Deputy Hayes was present, but Elam does not allege that he participated in the assault.  (*Id.*)  Specifically, Elam alleges that one of his wrists was handcuffed to Ozment and the other wrist was handcuffed to Hayes.  (*Id.* at PageID 2.)  Elam alleges that he has permanent scars on his wrists from the incident.  (*Id.*)

Elam alleges that he twice attempted to grieve the incident using inmate request forms because "there is not any grievance forms available to inmates incarcerated at Lake County Sheriff's Department."  (*Id.*)  He states he also made "two or three verbal attempts to have action taken."  (*Id.*)

Elam does not specify what relief he seeks in this lawsuit.  However, he does seek a temporary restraining order (TRO) against Deputy Ozment.  (*Id.* at PageID 3.)  Elam contends that he "ha[s] reason to fear for my life."  (*Id.*)  Elam says that, even after he is no longer incarcerated, he "still will be in fear due to the deputy possessing legal authority to harass, intimidate, or even take my life by means of anger in my filing of the administrative grievance complaint" and this lawsuit.  (*Id.*)  He asserts that a TRO is necessary for him "to have any mental peace of mind and faith in the legal authorities that are to uphold the law and not break or violate it."  (*Id.*)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create

a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Court construes Elam's filing as an action brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Lake County Sheriff's Department is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Elam's allegations are construed as claims against Lake County, which may be held liable *only* if Elam's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish

acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Elam does not allege that Ozment or Hayes acted pursuant to a Lake County policy when Ozment assaulted and choked Elam. He therefore does not allege any basis for holding Lake County responsible for the actions of its employees.

Elam's allegation that Deputy Ozment assaulted him amounts to a claim of excessive force. Because Elam was a pretrial detainee at the time of the alleged assault, his claim must be analyzed under the Fourteenth Amendment's standard of objective reasonableness, which "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court must judge the reasonableness of a particular use of force "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.*

Under an objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). The proper application of this standard requires consideration of the following factors:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to

limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This list is not exhaustive but illustrates some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Elam alleges that, while he was handcuffed and being taken from the courthouse, Deputy Ozment assaulted and choked him, seemingly without provocation, resistance, or threat from Elam. The Sixth Circuit has held that the use of force on a handcuffed detainee, including using a chokehold, is objectively unreasonable under the Fourteenth Amendment. *See Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 541 (6th Cir. 2015) (citing *United States v. Livoti*, 196 F.3d 322, 327 (2d Cir. 1999), and *Papp v. Snyder*, 81 F. Supp. 2d 852, 857 (N.D. Ohio 2000)). Elam's allegations are sufficient to state a Fourteenth Amendment claim of excessive force against Deputy Ozment.

Elam, however, does not state a claim against Deputy Hayes. He alleges that he was handcuffed to both deputies at the time of the assault, but he does not allege that Hayes participated in the assault. Nor does he allege that Hayes allowed the assault to take place or encouraged it in any way. Elam merely alleges that Hayes was present.

To the extent he seeks to hold Hayes liable because he did not prevent the attack or protect Elam from Deputy Ozment, he fails to state a claim. Generally, non-participants in the use of excessive force may be liable for their failure to intervene only if they "'observed or had reason to know that excessive force would be or was being used and had both the opportunity and the means to prevent the harm from occurring.'" *Ondo v. City of Cleveland*, 795 F.3d 597, 611 (6th Cir. 2015) (quoting *Burgess v. Fischer*, 735 F.3d 462,

6

475 (6th Cir. 2013) (internal quotation marks omitted)). Hayes, therefore, had a duty to protect Elam from Ozment's use of force only if "the 'underlying episode of excessive force . . . spanned a sufficient period of time for [him] to both perceive what was happening and intercede to stop it.'" *Kowolonek v. Moore*, 463 F. App'x 531, 539 (6th Cir. 2012) (quoting *Ontha v. Rutherford Cnty.*, 222 F. App'x 498, 506 (6th Cir. 2007)). Elam does not allege how long Ozment's attack lasted, but neither does he suggest that it lasted long enough for Hayes to both perceive the use of force and stop it from occurring. Nor does Elam allege that Hayes had knowledge ahead of the incident that Ozment would use excessive force on Elam. He therefore fails to state a basis on which Hayes may be liable for failing to prevent the attack or protect him from Ozment's use of force.

Although Elam has sufficiently alleged a Fourteenth Amendment claim against Deputy Ozment, Elam has not alleged what relief he seeks in this lawsuit. He requests only a TRO to protect him from Deputy Ozment. However, Elam is no longer in the custody of the Lake County Sheriff's Office, where Ozment is employed. Because Elam is no longer under Ozment's watch or control, his request for injunctive relief in the form of a TRO is moot. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (claim for declaratory or injunctive relief is rendered moot by the plaintiff's transfer to a different prison facility); *Moore v. Curtis*, 68 F. App'x 561, 562 (6th Cir. 2003) (claims for declaratory and injunctive relief against prison and prison staff moot when inmate transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

And because Elam sought *only* injunctive relief in this lawsuit, his entire case has been mooted by his transfer. *See Dotson v. Colson*, No. 3:13-CV-0119, 2014 WL 2946455,

at *2 (M.D. Tenn. June 30, 2014); *Street v. Rodriguez*, 12-13995, 2014 WL 840083, at *4 (E.D. Mich. Mar. 4, 2014) ("Because plaintiff is no longer subject to the care of the official he claims was denying him his constitutional rights, his request for injunctive relief is moot. . . . And because plaintiff has sought only injunctive relief, the entire case is moot."). The Court therefore must dismiss this case as moot.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Elam should be given the opportunity to file an amended complaint.

In conclusion, the Court DISMISSES Elam's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, Elam is GRANTED leave to file an amended complaint. Any amendment must be filed within twenty-one (21) days after the date of this order.

Elam is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any

8

extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Elam fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE